Matter of the Application to Revoke Letters of Administration Issued upon the Estate of HARRY ANDERTON, Deceased.

(Surrogate's Court, Suffolk County, July, 1920.)

Executors and administrators — when letters of administration revoked — decedents' estates — Code Civ. Pro. § 2588.

Where decedent left him surviving a father who resides in England, letters of administration granted to decedent's brother will be revoked with leave to him or any other person or persons to present a new petition under section 2588 of the Code of Civil Procedure upon notice to the county treasurer.

APPLICATION to revoke letters of administration.

Lester Hand Jayne, for petitioner.

STRONG, S. The petitioner seeks to have the letters of administration issued to Frederick Anderton, a brother of decedent, and to Edgar L. Smith, a competent person, jointly with, and upon the application of said Frederick Anderton, revoked.

The claim is made that as decedent left a father, a resident of England, him surviving, that under the provisions of section 2588 of the Code of Civil Procedure, the county treasurer had a prior right to letters of administration to that of Frederick Anderton, the original petitioner and brother of decedent, who was not entitled to take or share in his personal property.

The Code, as amended in 1914, limits the granting of letters, in the first instance, to "the persons entitled to take or share in the personal property." As in this estate the father, alone, is entitled to take the entire personal property it is necessary to look to the further provisions of section 2588 of the Code to ascertain who is entitled to letters. The Code further provides in this section "that if no person entitled to take or share in the estate will accept the same or an appointment is not made by consent as hereinafter provided then administration shall be granted as follows," to one of three classes, in order; the first class which applies to this proceeding being class "B," "To the county treasurer of the county, or to the petitioner, in the discretion of the surrogate."

The provision of this section giving discretion to the surrogate to determine whether the county treasurer, he being cited, or the petitioner, shall receive letters, does not conflict with section 3590, which provides that the county treasurer may not renounce. It

would therefore appear that any petitioner or party not entitled to take or share in the personal property, in petitioning for letters of administration, must cite the county treasurer before letters can be granted. This rule apparently meets with the approval of a dictum of the Court of Appeals. *Matter of D'Adamo*, 212 N. Y. 214, 218. The letters heretofore granted must be revoked, with leave to petitioner, or any other person or persons, under section 2588, to make a new petition upon notice to the county treasurer.

Decreed accordingly.